UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADELINE RENÉ SINGLETON, CHRISTOPHER KEES, SR., TANIA NYMAN, DR. JAMES C. FINNEY, MARY ANNE "BOISSIERE" LEWIS LEACH, AND ALVIN RAETZSCH | CIVIL ACTION<br><br>NUMBER:<br><br>JUDGE: |
| VERSUS | MAG. JUDGE: |
| EAST BATON ROUGE PARISH SCHOOL BOARD, DAVID TATMAN, DAWN CHANET COLLINS, MARK BELLUE, DADRIUS LANUS, TRAMELLE HOWARD, EVELYN WARE-JACKSON, JILL DYASON, MICHAEL GAUDET, CONNIE BERNARD, DOUG WELBORN IN HIS OFFICIAL CAPACITY AS EAST BATON ROUGE PARISH CLERK OF COURT AND R. KYLE ARDOIN IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF LOUISIANA | |

**COMPLAINT**

The *Complaint* of Adeline René Singleton, Christopher Kees, Sr., Tania Nyman, Dr. James C. Finney, Mary Anne "Boissiere" Lewis Leach, and Alvin Raetzsch (hereinafter referred to as "Plaintiffs") respectfully represents that:

1.

Plaintiffs bring this claim for (a) declaratory and injunctive relief pursuant to the 14th Amendment to the Constitution of the United States and 42 U.S.C. § 1983, (b) attorney's fees and expert fees pursuant to 42 U.S.C. § 1988, and (c) costs, based upon the following:

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4.

The Plaintiffs are:

A.    Adeline René Singleton, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana;

B.    Christopher Kees, Sr., a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana;

C.    Tania Nyman, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana;

D.    Dr. James C. Finney, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana;

E.    Mary Anne "Boissiere" Lewis Leach, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana; and

F.    Alvin Raetzsch, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana.

5.

Plaintiffs are all (a) citizens of the United States of America, (b) citizens of the State of Louisiana, (c) registered voters in the Parish of East Baton Rouge; and (d) residents of

the geographical portion of the Parish of East Baton Rouge governed by the East Baton Rouge Parish School Board.

6.

In addition, all Plaintiffs pay *ad valorem* taxes and sales taxes for the support of the East Baton Rouge Parish School Board.

7.

Made Defendants herein are:

A. the East Baton Rouge Parish School Board, a body politic, incorporated and existing pursuant to the constitution and laws of the State of Louisiana, charged with and responsible for public education within those portions of the Parish of East Baton Rouge, State of Louisiana not governed by another local public school board (hereinafter "the School Board");

B. David Tatman, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in his capacity as President of the School Board and an elected member of the School Board representing District 9;

C. Dawn Chanet Collins, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in her capacity as Vice President of the School Board and an elected member of the School Board representing District 4;

D. Mark Bellue, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in his capacity as an elected member of the School Board representing District 1;

E. Dadrius Lanus, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in his capacity as an elected member of the School Board representing District 2;

F.     Tramelle Howard, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in his capacity as an elected member of the School Board representing District 3;

G.     Evelyn Ware-Jackson, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in her capacity as an elected member of the School Board representing District 5;

H.     Jill Dyason, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in her capacity as an elected member of the School Board representing District 6;

I.     Michael Gaudet, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in his capacity as an elected member of the School Board representing District 7;

J.     Connie Bernard, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana who is named as a Defendant both individually and in her capacity as an elected member of the School Board representing District 8;

K.     Doug Welborn in his official capacity as East Baton Rouge Parish Clerk of Court (hereinafter "the Clerk of Court"); and

L.     R. Kyle Ardoin in his official capacity as Secretary of State of the State of Louisiana (hereinafter the "Secretary of State").

8.

The Clerk of Court is the Chief Election Officer of East Baton Rouge Parish, Louisiana and serves as the qualification official for local elected offices, including the School Board.

9.

The Secretary of State is the Chief Election Officer for the State of Louisiana and is

the conduit through which the School Board submits its election plans.

10.

The Clerk of Court and Secretary of State are made parties to this proceeding because in their absence complete relief cannot be accorded among those already parties. *See* Fed.R.Civ.P. 19(a)(1)(A).

## BACKGROUND FACTS

11.

The School Board is required by Louisiana law to reapportion itself following each decennial census. *See* La. R.S. 18:1922(A).

12.

In 2014, the School Board reapportioned itself based upon the 2010 decennial census ("the 2014 Reapportionment Plan").

13.

The first step in the reapportionment process based upon the 2020 decennial census was for the School Board to determine whether it was malapportioned pursuant to the 2014 Reapportionment Plan.

14.

The demographer retained by the School Board obtained the following demographic information from the 2020 decennial census relative to the 2014 Reapportionment Plan:

| District | Population | White | Black | Ideal | Deviation | % Deviation | %Black |
|----------|-----------|-------|-------|-------|-----------|-------------|--------|
| 1 | 45,770 | 17,532 | 20,128 | 43,019 | 2,751 | 6.4% | 44.0% |
| 2 | 37,260 | 5,897 | 30,374 | 43,019 | -5,759 | -13.4% | 81.5% |

| District | Population | White | Black | Ideal | Deviation | % Deviation | %Black |
|---|---|---|---|---|---|---|---|
| 3 | 36,152 | 1,145 | 34,263 | 43,019 | -6,867 | -16.0% | 94.8% |
| 4 | 40,871 | 3,777 | 32,937 | 43,019 | -2,148 | -5.0% | 80.6% |
| 5 | 40,884 | 16,956 | 20,583 | 43,019 | -2,135 | -5.0% | 50.3% |
| 6 | 43,653 | 28,430 | 8,772 | 43,019 | 634 | 1.5% | 20.1% |
| 7 | 53,230 | 34,051 | 11,340 | 43,019 | 10,211 | 23.7% | 21.3% |
| 8 | 47,365 | 27,312 | 13,041 | 43,019 | 4,346 | 10.1% | 27.5% |
| 9 | 41,984 | 23,137 | 12,543 | 43,019 | -1,035 | -2.4% | 29.9% |
| Totals | 387,169 | 158,237 | 183,981 | 387,171 | | | |

15.

As a result of the foregoing demographic information obtained from the 2020 decennial census, the demographer retained by the School Board determined that the School Board was malapportioned pursuant to the 2014 Reapportionment Plan and, as a result, was required to reapportion itself.

16.

La. R.S. 17:71.1 requires that school boards reapportion themselves (1) "based upon the latest federal decennial census, or a special census as authorized by R.S. 17:71.3(A)", and (2) "so that each member of said board represents as nearly as possible the same number of persons."

17.

The School Board did not perform the special census authorized by La. R.S. 17:71.3(A); rather, the School Board reapportioned itself based upon the latest federal decennial census conducted in 2020.

18.

During the reapportionment process, the School Board was presented with 19

separate and distinct reapportionment plans for consideration.

19.

Among the reapportionment plans presented to the School Board for consideration were:

A. A plan known as "Plan 22" that called for nine school board election districts but did not contain whole precincts for all nine school board election districts; and

B. A plan known as "Ware/Collins Plan 1-11" that called for 11 school board election districts and contained whole precincts for all 11 school board election districts.

20.

Because the number of proposed reapportionment plans was unwieldy, on March 16, 2022, the Vice President of the School Board, Dawn Chanet Collins, presented a process by which proposed redistricting plans would be considered and voted upon by the School Board.

21.

At a Regular Meeting of the School Board held on March 17, 2022, the School Board approved a process to adopt and publish a single redistricting plan for later ratification.

22.

The process adopted by the School Board at its Regular Meeting held on March 17, 2022 permitted any member of the School Board to "nominate for adoption any one of the maps" and allowed such nominations to "come in any order" and "not require a

second."

23.

In accordance with the process adopted by the School Board at its Regular Meeting held on March 17, 2022, at a Special Meeting of the School Board held on April 7, 2022, School Board Member Mark Bellue nominated Plan 22 and School Board member Tramelle Howard nominated Ware/Collins Plan 1-11.

24.

No additional nominations were made.

25.

After the nomination process was closed, a vote was taken on both of the nominated plans.

26.

Plan 22 received five votes and Ware/Collins Plan 1-11 received four votes.

27.

As a result, Plan 22 was selected by the School Board as the redistricting plan for publication.

28.

During a Special Meeting held on May 5, 2022, the School Board adopted a Resolution that ratified the adoption of Plan 22 as its Reapportionment Plan based upon the 2020 Census and authorized the School Board's demographer to submit Plan 22 to the State of Louisiana for review.

29.

On May 16, 2022, certain of the Plaintiffs initiated litigation against the School Board, Clerk of Court and Secretary of State in the matter entitled *Adeline René Singleton, et al versus East Baton Rouge Parish School Board, et al*, bearing Number 719,057, Section 30 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana ("the State Court litigation").

30.

The gravamen of the State Court litigation was that the School Board failed to comply with the requirements of La. R.S. 17:71.3(E)(1) and, as a result, Plan 22 was null, void and of no legal effect.

31.

Plaintiffs requested the following relief in the State Court litigation:

A.    A judgment declaring Plan 22 to be null, void and of no legal effect whatsoever;

B.    A preliminary injunction, and in due course a permanent injunction, restraining, enjoining and prohibiting the School Board, Clerk of Court and Secretary of State, their members, officers, agents, employees, and counsel, and those persons in active concert or participation with them from permitting any person to qualify for election pursuant to Plan 22, preparing any ballot based upon Plan 22, and conducting any election based upon Plan 22; and

C.      A declaratory judgment declaring Ware/Collins Plan 1-11 to be the

sole redistricting plan that may be considered by the School Board

for adoption.

32.

A hearing was held in the State Court litigation on June 13, 2022 on Plaintiff's

request for preliminary injunctive relief.

33.

On June 17, 2022, the trial judge in the State Court litigation issued a *Ruling and*

*Order of the Court on Petition for Declaratory and Injunctive Relief and Written Reason* [sic]

("the State Court judgment").

34.

In the State Court judgment, the trial judge held:

> **In accordance with Louisiana Revised Statute 17:71(E)(1)(b), the plan adopted by Defendant East Baton Rouge Parish School Board known as SB Public Plan 22 is hereby <u>null and void</u>. Defendants Louisiana Secretary of State and East Baton Rouge Parish Clerk of Court are hereby <u>enjoined from using any ballots or any election information (including but not limited to maps, precincts, or election districts) that uses SB Public Plan 22 as a map of election districts for the upcoming November 8, 2022 election period.</u> Defendant East Baton Rouge Parish School Board is <u>enjoined from using any plans that uses split precincts pursuant to Louisiana Revised Statute 17:71(E)(1)(2)(a) as it has demonstrated by its own action that it can comply with Louisiana Revised Statute 17:71(E)(1) by creating single member election districts containing whole precincts during a redistricting and reapportionment process.</u>**

(emphasis in original).

Page 10 of 19

35.

In the State Court judgment, the trial judge went on to hold that:

The Court, taking into consideration the evidence and arguments by Defendant Louisiana Secretary of State as it pertains to the timeline need [sic] for their Elections Division to adhere to the deadlines sets [sic] for the November 8, 2022 Election Period:

**IT IS ORDERED that, <u>the Defendant East Baton Rouge Parish School Board shall implement the nominated plan known as Ware/Collins 1-11 to be used by Defendant East Baton Rouge Parish School Board, which complies with Louisiana Law and the Federal Voting Rights Act, for the upcoming November 8, 2022 Election Period. Defendant East Baton Rouge Parish School Board shall submit the Ware/Collins Plan 1-11 to Defendant Louisiana Secretary of State no later than 10:00 a.m. Central Standard Time on June 22, 2022 (exactly four weeks prior to qualifying period for the November 8, 2022 Election Period, as needed by Defendant Louisiana Secretary of State) and copy of said submission shall also be deliver [sic] to this Court. IN THE ALTERNATIVE, if Defendant East Baton Rouge Parish School Board can create single member election districts containing whole precincts using any number of members allowed by Louisiana Revised Statue [sic] 17:71.2 and in complete accordance with the Federal Voting Rights Act by no later than 8:00 a.m. Central Standard Time on June 22, 2022 (exactly four weeks prior to qualifying period for the November 8, 2022 Election Period, as needed by Defendant Louisiana Secretary of State) and submit said plan to the Court by 10:00 a.m. Central Standard Time on June 22, 2022, that plan will be reviewed by the Court and if said plan complies with Louisiana Law and the Federal Voting Rights Act, said plan may be used instead of Ware/Collins 1-11.</u>**

(emphasis in original).

36.

On June 22, 2022, the School Board, in compliance with the State Court judgment,

submitted Ware/Collins Plan 1-11 to the Louisiana Secretary of State.

37.

The School Board sought appellate review of the State Court judgment by both supervisory writ and appeal in the Louisiana First Circuit Court of Appeal.

38.

The School Board also requested a stay of the State Court judgment from the Louisiana First Circuit Court of Appeal.

39.

On June 30, 2022, the Louisiana First Circuit Court of Appeal issued the following order on the School Board's request for a stay of the State Court judgment:

> **MOTION FOR ISSUANCE OF STAY OF JUDGMENT GRANTED IN PART; DENIED IN PART.** We hereby deny the motion to stay to the extent it seeks to stay the preliminary injunction ruling issued by the district court in its June 17, 2022 ruling. However, we hereby stay the June 17, 2022 ruling in all other aspects pending further orders of this court, including the district court's order requiring the East Baton Rouge Parish School Board to "implement the nominated plan known as Ware/Collins 1-11" and submit the nominated plan to the Louisiana Secretary of State.

40.

At a Committee of the Whole meeting of the School Board held on July 12, 2022, general counsel for the School Board advised the School Board that "[b]oth Plan 22 and Ware/Collins Plan 1-11 are stayed and cannot be implemented."

41.

During that same meeting, general counsel for the School Board advised the School Board that the School Board "must continue under the current 9-member plan,"

referring to the 2014 Reapportionment Plan.

## THE SCHOOL BOARD'S USE OF
## THE 2014 REAPPORTIONMENT PLAN
## VIOLATES THE EQUAL PROTECTION CLAUSE
## OF THE 14TH AMENDMENT

42.

Plaintiffs reside in the following districts for purposes of the 2014 Reapportionment Plan:

| | |
|---|---|
| Adeline René Singleton | District 5 |
| Christopher Kees, Sr. | District 4 |
| Tania Nyman | District 7 |
| Dr. James C. Finney | District 4 |
| Mary Anne "Boissiere" Lewis Leach | District 1 |
| Alvin Raetzsch | District 7 |

43.

Sacrosanct to American democracy is the principle of one person, one vote.

44.

The Equal Protection Clause of the 14th Amendment requires that school board districts be of nearly equal population, so that each person's vote may be given equal weight in the election of school board members.

45.

Decisions of the Supreme Court have established, as a general matter, that an apportionment plan with a maximum population deviation under 10% falls within the

category of "minor deviations." *See e.g., Connor v. Finch*, 431 U.S. 407, 418, 97 S.Ct. 1828 1835, 52 L.Ed.2d 465 (1977); *White v. Regester*, 412 U.S. 755, 764, 93 S.Ct. 2332 2338, 37 L.Ed.2d 314 (1973).

46.

The decisions of the Supreme Court have also established that apportionment plans with larger than 10% disparities in population create a *prima facie* case of discrimination. *See Swann v. Adams*, 385 U.S. 440, 444, 87 S.Ct. 569, 572, 17 L.Ed.2d 501 (1967).

47.

Disparities in population under the 2014 Reapportionment Plan range from 23.7% in District 7 to -16.0% in District 3 for a total deviation among the nine school board districts of 39.7%.

48.

The School Board's use of the 2014 Reapportionment Plan for the November 8, 2022 election cycle dilutes Plaintiffs' votes in contravention of the one person, one vote requirement of the 14th Amendment.

49.

Qualifying of candidates for the November 8, 2022 election is scheduled for July 20-22, 2022.

50.

Unless qualifying for the November 8, 2022 elections and the November 8, 2022 elections are enjoined, Plaintiffs will suffer irreparable harm in the form of a continuing

violation of their constitutional rights.

51.

Unless qualifying for the November 8, 2022 elections and the November 8, 2022 elections are enjoined, the citizens residing in District 7, with a 39.7% larger population than District 3 voting at the November 8, 2022 election, will be deprived of their clear constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction.

**RELIEF REQUESTED**

52.

Plaintiffs seek an order declaring that the 2014 Reapportionment Plan of the School Board violates the "one person, one vote" rule embedded in the Equal Protection Clause of the 14th Amendment.

53.

Plaintiffs further request that a preliminary injunction be issued herein restraining, enjoining and prohibiting each and every one of the Defendants, their members, officers, agents, employees, and counsel, and those persons in active concert or participation with them from permitting any person to (a) qualify for the School Board elections to be held on November 8, 2022, (b) prepare any ballot for the School Board elections to be held on November 8, 2022, and/or (c) conduct the School Board election on November 8, 2022 based upon the 2014 Reapportionment Plan of the School Board.

54.

Plaintiffs further request that, in due course, a permanent injunction issue herein

in the form and substance of the preliminary injunctions prayed for hereinabove.

55.

Plaintiffs further request that they be awarded their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs, Adeline René Singleton, Christopher Kees, Sr., Tania Nyman, Dr. James C. Finney, Mary Anne "Boissiere" Lewis Leach, and Alvin Raetzsch pray that after due proceedings are had herein that there be judgment in their favor and against the defendants, East Baton Rouge Parish School Board, David Tatman, individually and in his capacity as President of the School Board and an elected member of the School Board representing District 9, Dawn Chanet Collins, individually and in her capacity as Vice President of the School Board and an elected member of the School Board representing District 4, Mark Bellue, individually and in his capacity as an elected member of the School Board representing District 1, Dadrius Lanus, individually and in his capacity as an elected member of the School Board representing District 2, Tramelle Howard, individually and in his capacity as an elected member of the School Board representing District 3, Evelyn Ware-Jackson, individually and in her capacity as an elected member of the School Board representing District 5, Jill Dyason, individually and in her capacity as an elected member of the School Board representing District 6, Michael Gaudet, individually and in his capacity as an elected member of the School Board representing District 7 and Connie Bernard, individually and in her capacity as an elected member of the School Board representing District 8, declaring that the 2014 Reapportionment Plan of the School Board violates the "one person, one vote" rule

Page 16 of 19

embedded in the Equal Protection Clause of the 14th Amendment.

Plaintiffs, Adeline René Singleton, Christopher Kees, Sr., Tania Nyman, Dr. James C. Finney, Mary Anne "Boissiere" Lewis Leach, and Alvin Raetzsch further pray that after due proceedings are had herein that there be judgment in their favor and against the defendants, East Baton Rouge Parish School Board, David Tatman, individually and in his capacity as President of the School Board and an elected member of the School Board representing District 9, Dawn Chanet Collins, individually and in her capacity as Vice President of the School Board and an elected member of the School Board representing District 4, Mark Bellue, individually and in his capacity as an elected member of the School Board representing District 1, Dadrius Lanus, individually and in his capacity as an elected member of the School Board representing District 2, Tramelle Howard, individually and in his capacity as an elected member of the School Board representing District 3, Evelyn Ware-Jackson, individually and in her capacity as an elected member of the School Board representing District 5, Jill Dyason, individually and in her capacity as an elected member of the School Board representing District 6, Michael Gaudet, individually and in his capacity as an elected member of the School Board representing District 7 and Connie Bernard, individually and in her capacity as an elected member of the School Board representing District 8, Doug Welborn in his official capacity as East Baton Rouge Parish Clerk of Court, and R. Kyle Ardoin in his official capacity as Louisiana Secretary of State as follows:

    A.    issuing a preliminary injunction, restraining, enjoining and prohibiting all Defendants and their members, officers, agents,

employees, and counsel, and those persons in active concert or participation with them from permitting any person to (a) qualify for the East Baton Rouge Parish School Board elections to be held on November 8, 2022, (b) prepare any ballot for the East Baton Rouge Parish School Board elections to be held on November 8, 2022, and/or (c) conduct the East Baton Rouge Parish School Board election on November 8, 2022, based upon the 2014 Reapportionment Plan of the East Baton Rouge Parish School Board; and

B.    in due course, issuing a permanent injunction in the form and substance of the preliminary injunctions prayed for herein.

Plaintiffs, Adeline René Singleton, Christopher Kees, Sr., Tania Nyman, Dr. James C. Finney, Mary Anne "Boissiere" Lewis Leach, and Alvin Raetzsch  further pray that after due proceedings are had herein that there be judgment in their favor and against the East Baton Rouge Parish School Board, David Tatman, individually and in his capacity as President of the School Board and an elected member of the School Board representing District 9, Dawn Chanet Collins, individually and in her capacity as Vice President of the School Board and an elected member of the School Board representing District 4, Mark Bellue, individually and in his capacity as an elected member of the School Board representing District 1, Dadrius Lanus, individually and in his capacity as an elected member of the School Board representing District 2, Tramelle Howard, individually and in his capacity as an elected member of the School Board representing

District 3, Evelyn Ware-Jackson, individually and in her capacity as an elected member of the School Board representing District 5, Jill Dyason, individually and in her capacity as an elected member of the School Board representing District 6, Michael Gaudet, individually and in his capacity as an elected member of the School Board representing District 7 and Connie Bernard, individually and in her capacity as an elected member of the School Board representing District 8 for their reasonable attorney's fees and all costs of these proceedings.

Plaintiffs, Adeline René Singleton, Christopher Kees, Sr., Tania Nyman, Dr. James C. Finney, Mary Anne "Boissiere" Lewis Leach, and Alvin Raetzsch further pray for all other general and equitable relief that may be appropriate under the circumstances and permitted pursuant to the Court's inherent authority and 42 U.S.C. § 1983.

Respectfully submitted:

_____

Brian F. Blackwell (18119)
James R. Bullman (35064)
**BLACKWELL & BULLMAN, LLC**
8322 One Calais Avenue
Baton Rouge, Louisiana 70809
Telephone:    (225) 769-2462
Telecopier:    (225) 769-2463
E-mail:    brian@blackwell-bullman.com
Email:    james@blackwell-bullman.com

*Attorneys for Plaintiffs*